UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HEATHER CADY : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | C.A. No. |
| : | JURY TRIAL DEMANDED |
| LIFE INSURANCE COMPANY OF : | |
| NORTH AMERICA : | |
| : | |
| **Defendant** : | |

**COMPLAINT**

Plaintiff Heather Cady hereby commences this action against the Defendant and alleges:

**I.   JURISDICTION AND VENUE**

1. Plaintiff, a citizen of the State of Rhode Island, invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

2. Plaintiff Heather Cady ("Plaintiff Cady") was employed as a retirement customer support service representative with Fidelity Investments ("Fidelity"), and enrolled in Short Term Disability (STD) and Long Term Disability (LTD) benefits through her employment.

3. Fidelity Investments maintained formal Plans for these benefits, and the Plan at issue herein is the FMR LLC. Fidelity is a plan sponsor within the meaning of ERISA 29 U.S.C. § 2002(16)(B).

4. FMR LLC is administered by Life Insurance Company of North America ("Cigna"), which was acquired by New York Life Insurance Company in December, 2020.

1

## II.    PARTIES

5. Defendant Life Insurance Co of North America ("Cigna") is a corporation duly organized under the laws of the State of Connecticut, with a principal office therein.

6. Defendant Cigna is the entity that administers the Short Term Disability (STD) and Long Term Disability (LTD) benefits as the "plan administrator" within the meaning of ERISA, 29 U.S.C. § 1002(16)(A) and § 1132 and a "fiduciary" within the meaning of 29 U.S.C. § 1002(21) of ERISA.

7. Plaintiff is a resident of the state of Rhode Island and an ERISA Plan Beneficiary within the meaning of ERISA, 29 U.S.C. § 1132(a)(1)(B) and (3).

## III.   FACT ALLEGATIONS

8. Plaintiff was employed by Fidelity as a Retirement Customer Support Service Representative.

9. As part of her everyday job duties, Plaintiff handles calls from Fidelity clients and provides them with service regarding their retirement accounts and benefits, and assists with account managements, including but not limited to, contributions, withdrawals and required minimum distributions and communication of tax issues.

10. Physically Plaintiff's employment constitutes continuous sitting for four (4) ten (10) hour days, and constant telephone and computer use and keyboarding.

11. Plaintiff's employment also has high cognitive demands, requiring the administration of large sums of money throughout the workday, constant concentration and exceptional attention to detail, in addition to high end customer support and service skills.

12. Plaintiff has a decade long history of orthopedic issues with her left hip.

13. Plaintiff suffered a flare up in her hip issue during the spring of 2020, and commenced treatment with Ramin Tabaddor, M.D. of University Orthopedics ("Dr. Tabaddor").

14. During this treatment for her hip issue, Plaintiff fell in her shower on July 13, 2020, and injured her left shoulder.

15. As a result of her shoulder injury, Plaintiff's arm was immobilized in a sling for biceps tendinitis, and she went out of work and on or about July 23, 2020.

16. Plaintiff's initial application for STD benefits through FRM LLC, managed by Cigna, was received on July 22, 2020 and approved by letter dated August 3, 2020.

17. Plaintiff remained on STD benefits (with various benefit extension periods) through September 24, 2020.

18. By letter dated September 8, 2020, Cigna informed Plaintiff that it would terminate her STD benefits on September 24, 2020, unless Plaintiff provided additional medical documentation.

19. Additional medical documentation from Dr. Tabaddor was provided to support Plaintiff's absence from work and entitlement to STD benefits.

20. Despite the additional medical documentation, Cigna affirmed the September 8, 2020 decision to terminate benefits effective September 24, 2020 by a final decision letter dated October 16, 2020.

21. Cigna's based its benefit denial on a file review of a company Nurse Claim Manager who unilaterally took it upon herself to disregard the the documentation submitted by Dr. Tabaddor, opining that his explanation as to how Plaintiff's functional capacity prevented her from performing her regular job requirements was not clinically supported.

22. Plaintiff timely appealed Cigna's benefit denial on December 3, 2020, citing her inability to work due to the orthopedic issues for which she was in treatment for her left shoulder and left hip with Dr. Tabaddor, and provided even more medical documentation.

23. By letters dated January 20, 2021 and March 1, 2021, Cigna advised Plaintiff that it intended to uphold the prior benefit denial, citing a purchased medical file review of a medical doctor, board certified in orthopedics.

24. The stated basis for the benefit denial on appeal was that the file review doctor supported on-going restrictions and limitations through November 5, 2020, but none which were deemed to interfere with the Plaintiff's job duties.

25. Plaintiff again provided additional medical documentation from her treating physician Dr. Tabaddor to support her STD benefit appeal.

26. By letter dated March 19, 2021, Cigna finalized Plaintiff's benefit denial effective September 24, 2020, and determining that although they agree that Plaintiff had legitimate functional capacity restrictions and limitations during the period of September 24, 2020 through November 5, 2020, they were not sufficient enough to continue benefits, and that although she was deemed fully disabled and entitled to benefits from January 12, 2021 forward to a future date, that she could not avail herself of those benefits because of the self determined gap in benefit eligibility from September 24 through January 12, 2021.

27. The reason that even the medical review opined that Plaintiff was entitled to benefits from January 12, 2021 forward was that the Plaintiff was scheduled for hip surgery on that date.

28. Plaintiff's hip surgery was delayed due to her shoulder injury, as she was unable to undergo hip surgery until her shoulder injury was improved enough to support her use of crutches following hip surgery.

29. While waiting for the surgery, Plaintiff was unable to sit for extended periods of time and was in constant excruciating pain that would have significantly affected her ability to competently perform her job duties, along with all of the side effects of necessary pain medication.

30. Plaintiff exhausted all administrative remedies, as the Plan only provided for one appeal.

31. In support of her appeal, Plaintiff submitted all pertinent medical documentation regarding her treatment for both her shoulder injury and her hip condition, including documentation of excruciating pain and prescribed pain medication, and a letter from Dr. Tabaddor dated December 18, 2020.

32. Dr. Tabaddor's detailed letter explained in full Plaintiff's on-going work restrictions regarding both her left shoulder and hip, gave a clear directive that she remain out of work for at least six (6) month from the date of the letter, and confirmed Plaintiff's upcoming hip surgery scheduled for January 12, 2021.

33. Cigna unilaterally disregarded the clear recommendations and course of treatment prescribed by Plaintiff's orthopedic specialist, Dr. Tabaddor, choosing to rely instead on a purchased file review by a doctor who had physically never seen or examined the Plaintiff.

34. At this juncture, Plaintiff has exhausted all available administrative and internal appeals offered by Defendant.

35. Plaintiff returned to work approximately one month earlier than anticipated by Dr. Tabaddor on May 13, 2021.

36. Plaintiff submits that she stood eligible for STD benefits through the Cigna policy from the time her benefits were denied beginning September 25, 2020 through her return to work on May 13, 2021.

37. Upon her return to work Plaintiff was advised that during her medical leave of absence she had been given a raise and she began receiving an increased salary.

38. As a result of the denial of STD benefits, Plaintiff has suffered the loss of the value of STD benefits, has suffered financial hardship, stress and humiliation associated with financial hardship, exacerbated medical symptoms and prolonged recovery and other pecuniary damages including attorney's fees and costs of the within litigation.

## COUNT I
## DENIAL OF PLAN BENEFITS
## 29 U.S.C. § 1132(a)(1)(B)

39. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

40. Plaintiff Plan Beneficiary, during the time period of November 25, 2020 through May 13, 2021, was disabled within the meaning of the Plan, and therefore eligible to receive Short Term Disability benefits thereunder.

41. By correspondence dated October 19, 2018, Defendant made a final denial of Plaintiff's claim for benefits.

WHEREFORE, Plaintiff prays for the relief requested herein.

## COUNT II
## BREACH OF FIDUCIARY DUTY
## 29 U.S.C. § 1132(a)(3)

42. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint

43. Defendant stands in a fiduciary position to Plaintiff.

44. In breach of its fiduciary duties, Defendant has wrongfully failed and/or refused to appropriately pay Plaintiff monthly STD benefits pursuant to the provisions and requirements of the Plan.

WHEREFORE, Plaintiff prays for the relief requested herein.

## PRAYER FOR RELIEF

Plaintiff Heather Cady, prays that this Court grant her the following relief:

1. Declare that Plaintiff stands entitled to Short Term Disability (STD) benefits under the terms of the STD policy, and the ability to move from STD to LTD benefits if STD benefits exhausted during the timer period of benefit denial;

2. Order Defendant to pay Plaintiff's STD/LTD benefits from September 25, 2020 though her return to work on May13, 2021;

3. Award Plaintiff reasonable attorney's fees, litigation expenses and costs;

4. Award Plaintiff appropriate interest on all such monies; and

5. Such other and further relief as the Court deems just and proper to award Plaintiff.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,
PLAINTIFF
HEATHER CADY
By her Attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham #5338
Vicki J. Bejma #6498
Robinson & Clapham
123 Dyer Street, 1ST Floor
Providence, RI  02903
(401) 331-6565
(fax) 331-7888
robinsonandclapham@gmail.com
vbejma@smrobinsonlaw.com